UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV118

WALTER E. BRADSHAW                                                              PLAINTIFF

VS.

MICHAEL J. ASTRUE,                                                              DEFENDANT
     Commissioner of Social Security

<u>MEMORANDUM OPINION</u>

In June of 2008, this Court dismissed the complaint herein. While the basis of the dismissal was lack of subject matter jurisdiction (because of administrative application of the doctrine of res judicata), the Court inadvertently failed to enter the document setting out the reasoning along with the order dismissing the case. Understandably then, faced with a bare order of dismissal, the United States Court of Appeals for the Sixth Circuit remanded the matter for further action. The Court apologizes for the prolongation of proceedings occasioned by this oversight.

There are two important pieces Mr. Bradshaw needs to understand about his case. One piece is that there are certain things a plaintiff has to be able to prove in order to win his case – these are called "necessary elements." Plaintiff seeks Child disability benefits based on his father's wage record. One of the necessary elements of that claim is a showing that disability commenced before the plaintiff turned twenty-two. Mr. Bradshaw was born in 1955, so to get child disability benefits, he had to prove that he became disabled *before* July 25, 1977. If he became disabled after that, he cannot get child disability benefits.

The other piece Mr. Bradshaw needs to understand is that once a fact is decided, it *stays*

decided, and it can't be changed just because he files a new application or has a different judge. This is called "res judicata."

Mr. Bradshaw made an earlier application for child disability benefits. Because of the "necessary elements," that means he had to prove he became disabled prior to July 25, 1977. His application was denied and the decision became final without appeal. That means that the fact of whether he was disabled before the age of 22 was decided against him, and that fact couldn't be redecided. No matter what problems Mr. Bradshaw might have after that, he could never qualify for Child disability benefits. Thus, when he filed another application for Child disability benefits in November of 2003, the claim was dismissed and the doctrine of res judicata was explained to him. Undaunted, Mr. Bradshaw filed the current child disability application in January of 2007. Because of principles of res judicata, the Administrative Law Judge denied Mr. Bradshaw's request for a hearing, and the processing of the "new" application stopped. There was just nothing new to be decided – or to be appealed.

Still, Mr. Bradshaw appealed to this Court. As the Judge of this Court, there are certain rules I must obey. One of the rules is that there has to be a "final decision" by the Commissioner of Social Security before I can consider the case at all. The "res judicata" action on the January 2007 application meant that there was not a "final decision" to be reviewed.

The record is clear and unambiguous: A necessary factual element of Mr. Bradshaw's claim had been decided against him on at least two previous occasions. Therefore, when he filed yet another application based on that same time period, the Commissioner threw it out based on "res judicata" and did not enter a new factual decision that could be reviewed here. This Court is without legal authority to consider an appeal where there has been no final decision, and this

complaint must be dismissed.

An order in conformity has this day entered.